## J. G. Young, Appellee, v. J. A. Buell, Appellant.

### Gen. No. 5,631.

1. ESTOPPEL—*by evidence in court.* On *assumpsit* for medical services, where a surgeon procured by plaintiff testified that he looked alone to plaintiff for his pay, he is estopped at all times thereafter from asserting any claim against defendant for the services.

2. PHYSICIANS AND SURGEONS—*when finding of original promise to pay for medical service warranted.* A finding that defendant made an original promise to pay for an operation on his daughter and for medical services, and that credit was extended therefor, is warranted, whether she was a member of his family or not, where there was evidence that the plaintiff consulted him about the operation and about its cost and defendant said he could not pay for it then, but could later.

3. PHYSICIANS AND SURGEONS—*assisting physician's compensation.* One liable for medical services is shown to have understood the custom for the attending physician to settle with a physician called in to assist, or to have understood that such was the arrangement in the particular case, where the one so liable presented a bill to the assistant for coal sold to him, and on request to allow the amount on the bill for services stated that there was no obligation to him but that the attending physician was the one to collect the money.

Appeal from the County Court of Livingston county; the Hon. W. C. GRAVES, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

Z. F. YOST, for appellant.

E. A. SIMMONS, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee is a physician. This suit is for medical services claimed to have been rendered to appellant's minor son, and to appellant's daughter Bertha. There was filed the common counts and general issue thereto. There was also plead the statute of frauds as to the daughter and replication that she was a member of appellant's family and that he was liable for the services for her. Demurrer to this replication was sustained. An amended count to the declaration was filed which charged that Bertha was the daughter and a member of appellant's family, and that appellant became liable for services rendered for her. A plea was filed thereto that the daughter Bertha was not a member of appellant's family, was of full age, and that they were not family expenses. There was a jury trial and verdict for three hundred dollars, and a judgment for that sum and interest, making a total of $302.21. Defendant below appeals.

Appellee was called to attend a son of appellant and did so, and the son died, and appellant paid his bill for medical services. Afterwards appellee was.

called to treat another son, and also called to treat appellant's daughter Bertha. Appellant's wife had been dead for several years, and the daughter, Bertha, about nineteen years of age lived at home with her father.

It is undisputed that medical attendance was necessary. We have no doubt under the evidence that she was a member of his family, although in the view we take of this case, that is not very material. It became necessary to have a surgical operation for each of these children.

Appellee advised with the father and told him about what it would cost, and who would be obtained to perform the operation, and then appellee procured a surgeon to perform it. The charge for each operation in appellee's bill is $150. The proof was that each of these charges was reasonable, usual and customary in that locality, and this was not disputed.

Appellant introduced a scale of prices fixed by the medical society of that county, which would have allowed a larger sum for these operations.

Appellant contends that the fees for the operations were due to Dr. Scouller, but Dr. Scouller, who was a witness in this case, testified that he looked alone to appellee for his pay, in substance testifying he had no claim against appellant, so that in any event he would at all times after he made this admission be estopped from asserting any claim against appellant for those services. The testimony of Dr. Scouller also shows that appellant sold some coal to Dr. Scouller, and Dr. Scouller asked to have this allowed or turned in some way on the fees for these operations. He testified that appellant presented him the bill for the coal and that he told him that he thought it ought to be allowed, whereupon appellant said he was under no obligation to Dr. Scouller at all; that Dr. Young was the man who was to collect the money, and that he, Scouller, had nothing to do with it. So, it would appear from the evidence that appellant understood the arrangement,

or knew of the custom that had been testified to, that the attending physician made the charge, and that the surgeon employed to make the operation looked to the attending physician. There is also evidence that appellant was consulted before each of these operations, and knew all about them, and he knew what they were to cost, and particularly was appellant talked to about the operation on the daughter before it took place, and was told about what it would cost, and remarked he did not have the money to pay for it then, but could pay for it after awhile.

J. B. Parsons testified that this account against appellant was left with him for collection, and that he called upon appellant and had conversations with him in regard to the account two or three times, and when the matter of the account was discussed said that he owed the claim all right, but did not have the money at the time, and could not pay any money on it. He said he could not pay the bill at that time, or any part of it, in cash, but would give a note, a plain note, due in a year.

The jury could well find that this was an original promise on the part of appellant to be responsible for the services, whether the daughter was a member of his family or not, or whether or not the services were family expenses, and that appellee extended the credit to appellant for all of the services rendered; and the law clearly is that if one performs services at another's request, even though the services may be rendered to a third party, yet the party requesting the services would be liable therefor, from the fact that he made an original undertaking or promise to be responsible for them.

We think it satisfactorily appears from the evidence in this record that it was an original undertaking on the part of appellant, and that he, when the services were rendered, expected to pay for them, and afterwards acknowledged his liability therefor.

It clearly appears from this record that he was liable on an original promise for these services, and it

is not seen how the jury could have rendered a verdict except one against appellant, under the facts as they appear from the evidence. It was the evidence at the trial as above stated, that where the attending physician calls another surgeon or consulting physician, it is customary for the attending physician to present and collect the entire bill, and settle with the physician called in, in consultation, or to assist. That was the course pursued in this case, and it is evident that appellant understood that custom, or understood the particular arrangement made in this particular case.

The instructions given for the plaintiff are in the main substantially correct. The instructions requested by appellant and refused were confusing and misleading under the evidence as it appeared at the trial, and if they had been given could not have produced a different result under the evidence.

Seeing no reversible error in the record in this case, the judgment of the court below is affirmed.

*Affirmed.*